# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCIS ANDY MAZATE ZUNIGA, | * |
| Plaintiff | * |
| v. | * |
| | CIVIL NO. JKB-18-3843 |
| MASTER SYSTEMS AUTOMOTIVE, INC., | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

This matter is before the Court on a Joint Motion for Approval of Settlement and Dismissal of Claims with Prejudice. (ECF No. 21.) Plaintiff Francis Andy Mazate Zuniga brought this suit against his employer, Master Systems Automotive, Inc., pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleging a failure to pay him overtime wages he was due. (Compl., ECF No. 1.) The parties, through counsel, have negotiated a settlement agreement and now ask the Court to approve it and to dismiss the case with prejudice. With the exception of the confidentiality and nondisclosure clauses in Paragraphs 1, 2, and 3, the settlement agreement is acceptable to the Court. The Court is persuaded that the settlement amount to Zuniga is a reasonable amount based upon what he claimed he was due and that the absence of liquidated damages is a reasonable choice given the disputes between the parties as to whether Zuniga could be regarded as an independent contractor and whether Defendant acted in good faith. The Court also finds that the claimed attorneys' fees and costs are appropriate.

However, the restrictions placed on Zuniga in the first three paragraphs of the agreement are not acceptable under governing law. Those provisions contravene the FLSA's important

purposes of encouraging public and private enforcement of its protections for the payment of fair wages to laborers. *See Carpenter v. Colonial Mgmt. Group, LP*, Civ. No. JKB-12-0686, 2012 WL 2992490, at *2 (D. Md. July 19, 2012). This is especially so given the possibility that other employees of Defendants may be similarly situated to Zuniga. The parties have set forth no compelling reason for these restrictions. *See Salamone v. Baltimore Diamond Exch., Inc.*, Civ. No. JKB-14-1507, 2014 WL 2930788, at *1 (D. Md. June 27, 2014). "The undersigned has followed prevailing case law and has not permitted FLSA settlement agreements to include confidentiality provisions without compelling reasons to overcome the FLSA's policy of transparency." *Deas v. Interventional Pain Inst., LLC*, Civ. No. JKB-15-281, 2015 WL 10936735, at *1 (D. Md. Sept. 11, 2015). *See also Galvez v. Americlean Servs. Corp.*, Civ. No. 11-1351 (JCC/TCB), 2012 WL 1715689, at *4 (E.D. Va. May 15, 2012) (parties cited no interests in maintaining confidentiality sufficient to override FLSA's policy of transparency). Further, this settlement agreement is a matter of public record, so the restrictions set forth in Paragraphs 1, 2, and 3 are of no practical effect. *Salamone*, 2014 WL 2930788, at *1. Consequently, the Court concludes that this portion of the settlement agreement is null and void. A separate order will issue approving the settlement agreement, as qualified by this memorandum opinion.

DATED this \_\_9\_\_ day of July, 2019.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge